# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CAMERON BELK, SR., #468008,      )
                                  )
                  **Plaintiff,**     )
                                  )
vs.                              )     **Case No. 19-cv-00499-JPG**
                                  )
RICHARD WATSON,           )
                                  )
                **Defendant.**    )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Cameron Belk, Sr., a pretrial detainee at St. Clair County Jail ("Jail"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for unconstitutional conditions of confinement at the Jail.[1] (Doc. 1). Plaintiff claims he has been denied adequate medical care, diet, and exercise since arriving at the Jail in February 2019. (Doc. 1, pp. 1-10). He brings claims against Sheriff Richard Watson under the First, Fourth, Eighth, and Fourteenth Amendments. (*Id*.). Plaintiff seeks money damages, injunctive relief, and release from confinement. (*Id*. at pp. 5-8).

The Complaint is subject to preliminary review under 28 U.S.C. § 1915A,[2] which requires the Court to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who is immune from such relief must be

---

[1] Plaintiff indicates that he filed this same lawsuit in St. Clair County Circuit Court on May 1, 2019, and he re-filed it in federal court when his Complaint was not answered. (Doc. 4). To determine whether Plaintiff filed two identical actions, the Court searched St. Clair County Circuit Court's public electronic records and found no pending action. The Court will thus proceed with its screening of this matter.

[2] At the time of filing his Complaint, Plaintiff did not pay the $400.00 filing fee for this action or file a properly completed application for leave to proceed *in forma pauperis*. He remains obligated to do so on or before June 12, 2019. (*See* Doc. 3) (citing FED. R. CIV. P. 41(b); *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998)). Plaintiff is **WARNED** that failure to comply with the Court's Order (Doc. 3) will result in dismissal of the action without prejudice. (*Id*.).

dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 1-10): Prior to his arrival at St. Clair County Jail ("Jail"), Plaintiff suffered from a major stroke in June 2017. Despite making a miraculous recovery, Plaintiff still requires proper medical care, diet, and exercise to maintain his health and manage his high blood pressure.

When he arrived at the Jail on February 8, 2019, Plaintiff informed Sheriff Watson of his medical history. He also told the sheriff that the Jail's medical staff had his blood pressure medication (*i.e.*, Losartan and Hydrochlorothiazide), and he needed it. During the next four days, Plaintiff complained of nausea, dizziness, and severe headaches, but the medical staff would not provide him with his blood pressure medication until the intake evaluation was completed. Following the medical evaluation, Plaintiff was placed on a high-sodium diet, and his blood pressure was not monitored. He was denied access to physical rehabilitation, a right ankle brace, and a right foot prosthetic. Plaintiff's request for a copy of his medical records was also denied.

At the same time, Plaintiff was housed in a 432 square foot room "with faulty temperature controls" and poor ventilation for 24 hours per day and granted gym access only once or twice each month. Plaintiff's living conditions caused mental distress and increased the risk of infection and illness among detainees with a "slow to no" medical response by medical staff. (*Id.*).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

> **Count 1 -** Defendant violated Plaintiff's Fourteenth Amendment rights by delaying his medical intake evaluation and access to blood pressure medication for four days in February 2019.

2

**Count 2 -**   Defendant violated Plaintiff's Fourteenth Amendment rights by serving him a high-sodium diet and failing to monitor his blood pressure beginning in February 2019.

**Count 3 -**   Defendant violated Plaintiff's Fourteenth Amendment rights by denying him access to physical rehabilitation, a right ankle brace, and/or a right foot prosthetic beginning in February 2019.

**Count 4 -**   Defendant violated Plaintiff's Fourteenth Amendment rights by housing him alongside twelve other inmates in a 432 square foot space without proper temperature controls, poor ventilation, and a heightened risk of infection for 24 hours per day beginning in February 2019.

**Count 5 -**   Defendant violated Plaintiff's Fourteenth Amendment rights by denying him access to adequate exercise opportunities in the gym beginning in February 2019.

**Count 6 -**   Defendant violated Plaintiff's Fourteenth Amendment rights by denying him access to mental health treatment for emotional distress he suffered as a result of the conditions at the Jail.

**Count 7 -**   Defendant violated Plaintiff's rights under the Freedom of Information Act by denying him access to his medical records.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by this Court. **Any claims that are not identified above are considered dismissed without prejudice as inadequately pled under *Twombly*.[3]**

### Discussion

The Fourteenth Amendment Due Process Clause governs the rights of pretrial detainees.[4]

*Reed v. Bowen*, -- F. App'x --, 2019 WL 1873026, at *2 (7th Cir. April 26, 2019) (citing *Kingsley v. Hendrickson*, -- U.S. --, 135 S. Ct. 2466, 2475 (2015) (citations omitted)). *Smith v. Dart*, 803

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

[4] In addition to the Fourteenth Amendment, Plaintiff refers to claims under the First, Fourth, and Eighth Amendments. With the exception of the FOIA claim in Count 7, however, Plaintiff's lawsuit focuses on unconstitutional conditions of his confinement at the Jail. Because he is a pretrial detainee, Plaintiff's conditions-of-confinement claims are governed by the Fourteenth Amendment Due Process Clause and not the First, Fourth, or Eighth Amendments.

F.3d 304, 309 (7th Cir. 2015). The Due Process Clause prohibits all forms of punishment of detainees. *Id*. This prohibition includes government actions that are not "rationally related to a legitimate nonpunitive governmental purpose" or actions that "appear excessive in relation to that purpose." *Kingsley*, 135 S. Ct. at 2473 (quoting *Bell v. Wolfish*, 441 U.S. 520, 561 (1979)).

In connection with Counts 1 through 6, Plaintiff has named a single high-ranking official as a defendant: Sheriff Richard Watson. The doctrine of *respondeat superior* does not apply in this context. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 liability instead hinges on personal involvement in a constitutional deprivation. *Colbert v. City of Chicago*, 851 F.3d 649 (7th Cir. 2017). The sheriff cannot be held liable for the actions of his subordinates. *Elder v. Dart*, 660 F. App'x 484 (7th Cir. 2016) (citation omitted). The Court will consider each of Plaintiff's claims against this backdrop.

## Count 1

According to the allegations, Sheriff Watson was personally involved in the 4-day delay in Plaintiff's intake medical evaluation and access to blood pressure medication. Plaintiff specifically alleges that he "informed" the sheriff at intake that the medical staff had possession of his blood pressure medication, and he needed it. (Doc. 1, pp. 1-2). He also informed the sheriff about his medical history and stroke. Even so, Sheriff Watson failed to ensure Plaintiff's receipt of blood pressure medication or the timely medical evaluation necessary to guarantee its delivery. The sheriff's conduct could be considered punitive and unrelated to any legitimate governmental purpose. Count 1 will receive further review against Defendants Watson.

## Counts 2, 3, 5, and 6

The allegations set forth in support of Counts 2, 3, 5, and 6 do not suggest that Sheriff Watson was personally involved in a constitutional deprivation. With respect to the high-sodium

diet claim in Count 2, the Fourteenth Amendment protects pretrial detainees from receiving "unwholesome food." *See Reed*, 2019 WL 1873026, at \*3 (citing *French v. Owens*, 777 F.2d 1250, 1252 (7th Cir. 1985) ("totality of conditions of confinement" includes "unwholesome food")). Jail officials are required to serve inmates "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *French*, 777 F.2d at 1255 (citation omitted). However, the allegations do not suggest that Sheriff Watson made any decision about the diet Plaintiff received or the frequency of his blood pressure checks.

Likewise, Plaintiff has drawn no connection between the claimed denial of medical devices (Count 3), exercise opportunities (Count 5), and mental health treatment (Count 6) and Sheriff Watson's actions or inaction. Plaintiff's theory of liability hinges entirely on the doctrine of *respondeat superior*, which is not recognized under Section 1983. *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996) (citation omitted) (official must actually have participated in constitutional wrongdoing). Counts 2, 3, 5, and 6 shall be dismissed without prejudice for failure to state a claim.

## Count 4

In connection with Count 4, Plaintiff complains of overcrowded living conditions that impacted the health and safety of inmates, including Plaintiff. Sheriff Watson was surely aware of the systemic conditions he describes in the Complaint. A sheriff can be expected to "know of or participate in creating systemic, as opposed to localized, situations." *Antonelli*, 81 F.3d at 1429. Construing the allegations liberally, the living conditions at the Jail could be considered punitive. Accordingly, Count 4 will be allowed to proceed against the sheriff.

## Count 7

The FOIA claim in Count 7 does not survive screening. FOIA vests federal courts with jurisdiction "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld." *See* 5 U.S.C. § 552(a)(4)(B); *GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*, 445 U.S. 375 (1980). However, FOIA is "exclusively a disclosure statute" and gives rise to no private cause of action for money damages. *Chrysler Corp. v. Brown*, 441 U.S. 281, 292 (1979). Further, FOIA applies to federal and not state or local agencies. *See Mamarella v. County of Westchester*, 898 F. Supp. 236, 237 (S.D.N.Y. 1995) ("plain language of the FOIA precludes its application to state or local agencies") (collecting case). The FOIA claim in Count 7 shall be dismissed with prejudice for failure to state a claim.

## Requests for Relief

### A.  Release

Plaintiff cannot obtain release from confinement in a civil rights action brought pursuant to Section 1983. When a state inmate is challenging the fact or duration of his confinement and he seeks immediate or speedier release, his sole remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff's request for release from confinement is therefore denied without prejudice to Plaintiff pursuing this request for relief in the appropriate action brought in state or federal court.

### B.  Injunctive Relief

Plaintiff also requests "corrective action" at the Jail, including: (1) routine medical evaluations of detainees; (2) evaluation of medical claims without "wholesale dismissal of pretrial detainee;" (3) provision of medical care without the infliction of further injury; (4) creation of low-sodium diet option for detainees; (5) expedited medical response time with tracking and monitoring capabilities; (6) in-person medical evaluations by competent medical staff; (7) routine

monitoring of blood pressure; (8) access to medical records upon request; (9) distribution of assistive devices to detainees who need them; (10) daily outdoor recreation; (11) limited cancellations of gym activity; (12) repair of faulty temperature controls to limit illness; (13) larger cell space and safe living conditions; (14) unlimited phone access; (15) expedited access to phone and kiosk when medical emergencies warrant it; (16) medical care for common illnesses; (17) no indifference or retaliation to detainee's medical needs. (Doc. 1, pp. 5-6). The Court interprets these requests for relief as requests for injunctive relief *at the close of the close*. (*Id*. at pp. 5-7).

If Plaintiff requires more immediate relief, he may file a separate motion for temporary restraining order ("TRO") and/or preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) or (b). He should describe the specific relief he requires and the factual allegations that support each request for relief. Plaintiff may file a motion seeking interim relief at any time it becomes necessary to do so during the pending action.

## Pending Motion

Plaintiff's Motion to Assign Counsel (Doc. 6) is **DENIED** without prejudice. He discloses no efforts to locate counsel on his own before seeking the Court's assistance. Further, Plaintiff appears capable of representing himself in this matter, despite his disclosed medical conditions. His pleadings are well organized and coherent, and his claims are straightforward. Plaintiff identifies no other significant barriers to self-representation that prevent him for proceeding unrepresented at this time. Should his situation change, Plaintiff may file a new motion.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review under 28 U.S.C. § 1915A, as follows: **COUNTS 1** and **4** will receive further review against Defendant **RICHARD WATSON**.

**IS IT ORDERED** that **COUNTS 2, 3, 5,** and **6** are **DISMISSED** without prejudice and **COUNT 7** is **DISMISSED** with prejudice, all for failure to state a claim upon which relief may be granted.

As to **COUNTS 1** and **4**, the Clerk of Court shall prepare for Defendant **RICHARD WATSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his *in forma pauperis* motion is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

**IT IS SO ORDERED.**

**DATED: May 20, 2019**

> **s/J. Phil Gilbert_____**
> **J. PHIL GILBERT**
> **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**