## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAMERON BELK, SR., #468008, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )     Case No. 19-cv-00499-JPG |
| | ) |
| RICHARD WATSON, | ) |
| | ) |
| Defendant. | ) |

# <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff Cameron Belk, a pretrial detainee at St. Clair County Jail ("Jail"), filed this civil rights action pursuant to 42 U.S.C. § 1983 against Sheriff Richard Watson on May 13, 2019. (Doc. 1). In the Complaint, Plaintiff complained of unconstitutional conditions of confinement he encountered at the Jail beginning in February 2019. (Doc. 1, pp. 1-10). He requested money damages, injunctive relief, and release from confinement. (*Id*. at pp. 5-8).

Following an initial screening of the Complaint on May 21, 2019, Plaintiff was allowed to proceed with two claims against Sheriff Watson:

> **Count 1 -** Defendant violated Plaintiff's Fourteenth Amendment rights by delaying his medical intake evaluation and access to blood pressure medication for four days in February 2019.

> **Count 4 -** Defendant violated Plaintiff's Fourteenth Amendment rights by housing him alongside twelve other inmates in a 432 square foot space without proper temperature controls, poor ventilation, and a heightened risk of infection for 24 hours per day beginning in February 2019.

(Doc. 11, pp. 7-9). The Court dismissed five other claims (Counts 2, 3, 5, 6, 7) against the sheriff, as well as two motions for emergency medical care filed May 13 and 15, 2019. (Docs. 2, 4, 9).

In the weeks that followed, Plaintiff filed two more Motions for Injunctive Medical Care

on May 28 and June 10, 2019. (Docs. 17 and 20). Both motions targeted claims that were

dismissed at screening and addressed the ongoing denial of medical care for two suspected strokes.

Rather than dismiss the motions outright, the Court entered an Order deferring a decision on them

and recruiting counsel to represent Plaintiff on June 12, 2019. (*See* Doc. 21). The Court instructed

Plaintiff to file a First Amended Complaint, if he sought reinstatement of any dismissed claims,

and to supplement or replace his Motions for Injunctive Medical Care, if he intended to pursue his

request for interim relief in connection with the claims.[1] (*Id.*). Plaintiff filed a new Motion for

Preliminary Injunction (Doc. 43) on August 22, 2019, and two Motions for Leave to File First

Amended Complaint (Docs. 47 and 49) on September 22 and 23, 2019.[2]

The Court now considers Plaintiff's Motion for Leave to File First Amended Complaint

(Doc. 49). Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely

given when justice so requires. Because Plaintiff seeks leave to reinstate dismissed claims and

name additional defendants in connection with the claims at this early stage in litigation, the Court

is inclined to grant his motion. Before doing so, however, Plaintiff's First Amended Complaint is

subject to review under 28 U.S.C. § 1915A.[3]

---

[1] The Court also ordered (Doc. 21) Sheriff Watson to file a Response to the pending Motions for Injunctive Medical Care (Docs. 17 and 20) when he answered the Complaint. Sheriff Watson filed an Answer (Doc. 35) and Response (Doc. 37) on July 22, 2019. He objected to Plaintiff's request for preliminary injunctive relief based on his ongoing receipt of medical care at the Jail and his failure to satisfy the requirements for a preliminary injunction. Neither motion satisfies the requirements for a preliminary injunction under Federal Rule of Civil Procedure 65(a). Both focus on: (1) claims that were dismissed at screening; (2) before the motions were even filed and/or; (3) misconduct of individuals who were not named as defendants. Moreover, Plaintiff's Motion for Preliminary Injunction (Doc. 43) filed August 22, 2019, now supersedes and replaces both prior motions. Accordingly, Documents 17 and 20 shall be denied.
[2] Plaintiff filed unsigned Document 47 one day before replacing it with signed Document 49. Document 47 shall be stricken under Federal Rule of Civil Procedure 11(a). This Order will focus on Document 49.
[3] Pursuant to Section 1915A, any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## AMENDED COMPLAINT

In his First Amended Complaint, Plaintiff expands upon factual allegations originally set forth in the Complaint to bring ten separate claims against Sheriff Watson and thirteen (13) additional defendants (Major Grime, Captain Collins, Wexford, Dr. Larson, Aramark, Aramark Correction Services, Mary Robinson, Janice McCarron,[4] John Doe ##1-2, and Jane Doe ##1-3). Plaintiff alleges that he has been denied adequate and timely medical care for damage caused by a stroke he suffered prior to his detention at the Jail on February 8, 2019.  He has since suffered from additional suspected strokes and related health problems.  Plaintiff also complains of unsafe and unsanitary conditions in I Block, LL-D Block, and the chow hall.

Consistent with Plaintiff's designations in the First Amended Complaint, the Court recharacterizes the claims involved in this *pro se* action, as follows:

**Count 1 -** Watson, Wexford, and Jane Doe ##1-3 violated Plaintiff's Fourteenth Amendment rights by delaying or denying him medical care and access to stroke medication from February 8-11, 2019.  (Doc. 49-1, pp. 3-5).

**Count 2 -** Larson violated Plaintiff's Fourteenth Amendment rights when he refused to conduct testing and evaluation for stroke-related damage to Plaintiff. (Doc. 49-1, pp. 5-9).

**Count 3 -** Watson, Wexford, Grime, Collins, and Larson violated Plaintiff's Fourteenth Amendment rights by denying him access to therapeutic aids. (Doc. 49-1, pp. 9-12).

**Count 4 -** Watson, Grime, and Collins violated Plaintiff's Fourteenth Amendment rights by denying him access to adequate exercise and recreation opportunities. (Doc. 49-1, pp. 12-14).

**Count 5 -** Watson, Grime, and Collins violated Plaintiff's Fourteenth Amendment rights by denying him sufficient access to emergency call buttons in I Block. (Doc. 49-1, pp. 14-16).

---

[4] Plaintiff does not consistently spell this individual's name in the First Amended Complaint, but the allegations suggest that he is referring to a single individual. For the sake of consistency, the Court will refer to this defendant by the name listed in the case caption.  (Doc. 49-1, p. 1).

**Count 6 -** Grime, Collins, and John Doe ##1-2 violated Plaintiff's Fourteenth Amendment rights by directly or indirectly threatening him with physical violence. (Doc. 49-1, pp. 16-18).

**Count 7 -** Watson, Grime, and Collins violated Plaintiff's Fourteenth Amendment rights by refusing to remove mold from Plaintiff's living quarters in LL-D Block. (Doc. 49-1, pp. 18-21).

**Count 8 -** Watson, Grime, Collins, Aramark, Aramark Correction Services, and Robinson, violated Plaintiff's Fourteenth Amendment rights by exposing him to moldy mealtime containers. (Doc. 49-1, pp. 21-23).

**Count 9 -** Watson, Grime, Collins, Aramark, Aramark Correction Services, Robinson, and McCarron violated Plaintiff's Fourteenth Amendment rights by serving him inadequately cooked meals on unclean trays. (Doc. 49-1, pp. 23-26).

**Count 10 -** Watson, Grime, and Collins violated Plaintiff's Fourteenth Amendment rights by housing him in overcrowded conditions with poor temperature controls in I Block and LL-D Block. (Doc. 49-1, pp. 26-29).

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by this Court. **Any claims that are not identified above are considered dismissed without prejudice as inadequately pled under *Twombly*.**[5]

Plaintiff's claims all arise from the conditions of his confinement at the Jail. He complains of threats posed to his health and safety by various unsanitary and/or unsafe conditions at the Jail. All ten (10) claims survive screening and will receive further review against those individuals who are named in connection with them above. Further, Plaintiff's Motion for Preliminary Injunction (Doc. 43) supersedes and replaces Plaintiff's Motions for Medical Injunction (Docs. 17 and 20) and will be set for a hearing. Defendants shall file a written response no later than seven (7) days before said hearing.

DISPOSITION

**IT IS ORDERED** that pursuant to Federal Rule of Civil Procedure 15 and after review of

---

[5] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

the proposed First Amended Complaint pursuant to 28 U.S.C. § 1915A, the Court **GRANTS** Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 49).

**IT IS ORDERED** that **COUNTS 1 through 10** will receive further review against those individuals named in connection with each claim above.

The Clerk of Court is **DIRECTED** to **RE-FILE** Document 49-1 as the First Amended Complaint in CM/ECF and **ADD** the following individuals as defendants: **TAMMY GRIME, CAPTAIN COLLINS, WEXFORD HEALTH SOURCES, INC., DENNIS LARSON, ARMARK, ARAMARK CORRECTION SERVICES, LLC, MARY ROBINSON, JANICE McCARRON, JOHN DOE ##1-2,** and **JANE DOE ##1-3**.

The Clerk is further **DIRECTED** to add Defendant **TAMMY GRIME** (in her official capacity) for purposes of implementing any injunctive relief that is ordered herein and responding to discovery aimed at identifying the unknown defendants (John Doe ##1-2 and Jane Doe ##1-3). Defendant Grime will receive further instructions regarding discovery at a later date.

**IT IS ORDERED** that Plaintiff's unsigned Motion for Leave to File First Amended Complaint (Doc. 47) is **STRICKEN** for noncompliance with Rule 11(a). Plaintiff's Motions for Medical Injunction (Doc. 17 and 20) are **DENIED** for failure to satisfy the requirements for preliminary injunctive relief under Rule 65(a); both motions are superseded and replaced by Plaintiff's Motion for Preliminary Injunction (Doc. 43).

Plaintiff's Motion for Preliminary Injunction (Doc. 43) will be set for a hearing as soon as practicable. Defendants are **ORDERED** to file a written response, if any, no later than seven (7) days prior to said hearing.

Further, the Clerk of Court shall prepare for Defendants **Grime, Collins, Wexford, Aramark, Aramark Corrections Services, Robinson, McCarron, John Doe ##1-2 (once**

**identified),** and **Jane Doe ##1-3 (once identified)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, the original Merit Review Order (Doc. 11), and this Memorandum and Order to each defendants' place of employment as identified by Plaintiff.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in the original Merit Review Order (Doc. 11) and in this Merit Review Order. Defendants are ADVISED that the Court does not accept piecemeal answers.**

**IT IS SO ORDERED.**

**DATED: November 19, 2019**          s/J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **United States District Judge**