**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CAMERON BELK, Sr., #468008, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 19-cv-00499-JPG |
| | ) |
| RICHARD WATSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

<u>**MEMORANDUM & ORDER**</u>

**GILBERT, District Judge:**

This matter is now before the Court for consideration of Defendants Tammy Grime, Shan Collins, Michael Bujnak, and Delancey Moore's Motion to Dismiss Count VI of Plaintiff's Second Amended Complaint for Failure to State a Claim (Doc. 154). For the reasons set forth below, the motion shall be **GRANTED**, and Count VI shall be **DISMISSED with prejudice**.

B<span style="font-variant:small-caps">ACKGROUND</span>

Plaintiff Cameron Belk filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 13, 2019. (Doc. 1). In the Complaint, Plaintiff brought claims against Sheriff Watson for violations of his constitutional rights resulting from the denial of adequate medical care, diet, and exercise at St. Clair County Jail beginning in February 2019. (*Id*. at 1-10). Plaintiff requested money damages, injunctive relief, and release from confinement. (*Id*. at 5-8).

The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and allowed two Fourteenth Amendment due process claims to proceed, *i.e.*, Count 1 against Sheriff Watson for delaying Plaintiff's medical intake evaluation and access to blood pressure medication for four days in February 2019 and Count 4 against Sheriff Watson for subjecting Plaintiff to

unconstitutional living conditions at the Jail.  (*See* Doc. 11).  The Court dismissed five other claims (Counts 2, 3, 5, 6, and 7) against the sheriff.  (*Id*.).

On September 23, 2019, Plaintiff filed a First Amended Complaint setting forth ten claims against thirteen known and unknown defendants.  (Docs. 49-51).  The Court granted Plaintiff leave to proceed with all ten claims against Defendants.  (*Id*.).  This included Count VI against Defendants Grime, Collins, and John Does 1 and 2 for directly or indirectly threatening Plaintiff with physical violence, in violation of his rights under the Fourteenth Amendment Due Process Clause.  (Doc. 50, p. 4; Doc. 49-1, pp. 16-18).  Plaintiff subsequently filed a Second Amended Complaint (Doc. 143) and a Third Amended Complaint (Doc. 178) primarily to substitute known defendants in place of previously unknown ones.  (Docs. 143 and 178).  He identified Michael Bujnak, Delancey Moore, Tammy Grime, and Shan Collins in connection with Count VI in the Second Amended Complaint.  (Doc. 143).

On May 6, 2020, Defendants Bujnak, Moore, Grime, and Collins moved to dismiss Count VI.  (Doc. 154).  Plaintiff filed a response in opposition to the motion on June 8, 2020.  (Doc. 171).  Defendants filed a reply on June 22, 2020.  (Doc. 177).

## LEGAL STANDARD

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") is to decide the adequacy of the complaint.  *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Plaintiff need not plead detailed factual allegations, but he or she must provide "more than labels and conclusions, and a formulaic recitation of the elements" of a cause of action. *Twombly*, 550 U.S. at 570. When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

**COUNT VI**

In the Second Amended Complaint, Plaintiff characterized Count VI as a claim for "DAMAGES FOR THREATS OF PHYSICAL VIOLENCE." (Doc. 143, p. 16). He describes two incidents giving rise to this claim. (*Id.* at ¶¶ 103-04). The first involves Sergeant Bujnak, and the second involves Sergeant Moore.

Plaintiff sets forth the following allegations against Sergeant Bujnak:

On or about August 20, 2019, Sgt. Bujnak stopped Plaintiff in the hallway while Plaintiff was in a small group going to a meeting. Sergeant Bujnak got so close to Plaintiff's face that he backed Plaintiff up against the wall. (Sergeant Bujnak stands over 6 ft. 6 in. tall and may weigh 350 lb. or more.) He raised his voice about whether Plaintiff had a problem with him. Plaintiff told him that earlier, when Sgt. Bujnak was seeing Plaintiff about a commissary charge that Plaintiff was trying to get corrected, Sgt. Bujnak had loudly questioned Plaintiff about having a lawsuit against the County. Plaintiff had submitted a complaint form to Major Grime and Captain Collins about that attempt at intimidation that had never been answered.

(*Id.* at ¶ 104).

He puts forth the below allegations against Sergeant Moore:

On or about September 1, 2019, Sgt. Moore communicated threats through third persons about complaints he believed that Plaintiff's had submitted to officials at the Jail about attacks by a certain detainee on other detainees. In his threats, he stated that Plaintiff could be moved to C block downstairs, Max Housing, or the Quiet Room for suicidal inmates. If Plaintiff went to the Quiet Room, he would make sure Plaintiff was suicidal before he went there, and if Plaintiff thought he is handicapped now, he would be much worse when Sgt. Moore got him to the Quiet Room.

(*Id*. at ¶ 103).

Plaintiff names Major Grime and Captain Collins in connection with both incidents, based on their alleged failure to satisfactorily respond to his complaints about the sergeants:

> Although Plaintiff has submitted complaints to Defendants Grime and Collins about the above-described threats by Sgts. Moore and Bujnak, there has been no correction from said Defendants. They have referred the complaint about Sgt. Bujnak back to Sgt. Bujnak.

(*Id*. at ¶ 107).  Finally, Plaintiff alleges that his fear of physical harm caused him to suffer from elevated blood pressure, anxiety, and fear of stroke.  (*Id*. at ¶ 106).

### DISCUSSION

The Court allowed Plaintiff to proceed with Count VI under the Fourteenth Amendment Due Process Clause.  (Docs. 50-51, 142-43).  Defendants now argue that the allegations support no constitutional claim at all, and Count VI should be dismissed.  (Docs. 154 and 177).  Plaintiff counters that the Court should expand the scope of Count VI to include a due process claim under the Fourteenth Amendment and a retaliation claim under the First Amendment.  (Doc. 171).  Upon review of this matter, the Court agrees that Count VI should be dismissed against Defendants.

### A.    Harassment Claim

The Fourteenth Amendment Due Process Clause governs claims for unconstitutional conditions of confinement and excessive force brought by pretrial detainees, while the Eighth Amendment Cruel and Unusual Punishment Clause governs the same claims brought by convicted persons.  *Reed v. Bowen*, 769 F. App'x 365 (7th Cir. 2019) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015) (citations omitted)).  This distinction is significant because a pretrial detainee "cannot be punished at all," while a convicted person can be punished as long as the punishment is not "cruel and unusual."  *Reed*, 769 F. App'x at 369 (citing *Kingsley*, 576 U.S. at 400).  When

analyzing Count VI, the parties ask the Court to apply different standards.  Defendants maintain

that Count VI should only proceed if Defendants presented an objectively credible threat to kill or

inflict other physical injury on Plaintiff.  (*See* Doc. 154, p. 4) (citing *Dobbey v. Illinois Dept. of

Corr.*, 574 F.3d 443, 446 (7th Cir. 2009) (involving Eighth Amendment harassment claim).

Plaintiff asks the Court to allow the claim to proceed if, first, the defendants acted recklessly or

intentionally and, second, if there is "objective evidence that the challenged governmental action

[wa]s not rationally related to a legitimate penological objective or that it [wa]s excessive in

relation to that purpose."  (Doc. 171, pp. 3-4) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389

(2015)) (involving Fourteenth Amendment excessive force claim) (citing *Miranda v. County of

Lake*, 900 F.3d 335 (7th Cir. 2018)).  Because Plaintiff was a pretrial detainee at all relevant times,

his claims arising from the conditions of his confinement or excessive force are governed by the

Fourteenth Amendment standard.

But Count VI arises from an "attempt" at intimidation and an indirect threat of physical

harm to a pretrial detainee.  The Seventh Circuit has long held that "[s]tanding alone, simple verbal

harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected

liberty interest[,] or deny a prisoner equal protection of the law."  *DeWalt v. Carter*, 224 F.3d 607,

613 (7th Cir. 2000).  Verbal harassment typically triggers no constitutional protections at all.  *Id*.

For this reason, the Seventh Circuit has upheld the dismissal at screening of Section 1983 claims

arising from verbal harassment, racially derogatory remarks, sexually explicit statements, and

threats of physical violence.  *See, e.g., Jones v. Butler*, 663 F. App'x 468, 470 (7th Cir. 2016)

(affirming dismissal of complaint based on vague allegations of feeling unsafe with guards);

*DeWalt*, 224 F.3d at 613 (7th Cir. 2000) (affirming dismissal of verbal harassment claim because

"racially derogatory language, while unprofessional and deplorable, does not violate the

Constitution.").  Other circuits have likewise found that verbal harassment and threats are generally insufficient to support a constitutional claim.  *See, e.g., Washington v. Rozich*, 734 F. App'x 798, 801 (3d Cir. 2018) (verbal harassment does not violate Constitution); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 306 (3d Cir. 2016) (two alleged incidents of verbal harassment did not support equal protection claim); *Turn v. Mull*, 784 F.3d 485, 492 (8th Cir. 2015) (affirming dismissal of claim based on threat to drown wheelchair bound inmate); *Wingo v. Tennessee Dept. of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation.")

This is not to say that verbal harassment can never support a constitutional claim. Sometimes, it can.  *See, e.g., Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015).  In *Beal*, for example, an inmate complained that a correctional officer repeatedly made sexually threatening comments to him, exposed himself to the plaintiff while urinating, and encouraged another inmate to sexually assault the plaintiff.  *Id*.  As a result of the officer's harassment, other inmates began referring to the plaintiff as "punk, fag, sissy, and queer."  *Id*. at 358.  This, in turn, caused him to fear for his safety and suffer "severe psychological harm" necessitating repeated "psych services." *Id*. at 359  The district court dismissed the complaint at screening after finding that verbal harassment, alone, does not support constitute a constitutional violation.

On appeal, the Seventh Circuit clarified that the "proposition that verbal harassment cannot amount to cruel and unusual punishment is incorrect."  *Id*. at 357.  By way of example, the Court explained that a guard who falsely reports the death of an inmate's wife and children or who falsely advises an inmate that his severe headaches have been diagnosed as incurable brain cancer may be liable for a constitutional violation.  This type of "simple" verbal harassment, though "brief, lucid, and syntactically simple," is devasting to the point of punishment.  *Id*.  On the other hand, DeWalt's

complaint that a prison guard made sexually suggestive and racially derogatory comments to him about a female prison teacher constitutes "second-hand harassment" that is too "simple" to state a claim for relief. *Id.* (citing *DeWalt*, 224 F.3d at 613). "Simple" in this latter context means "isolated," "fleeting," or "too limited to have an impact" and supports no constitutional claim. *See Beal*, 803 F.3d at 358.

Count VI arises from the latter type of "simple" harassment. It does not amount to punishment at all and supports no constitutional claim against the defendants. Plaintiff describes two isolated, unrelated, and fleeting episodes of harassment by two different sergeants. Neither incident involves concrete action by a defendant or actual punishment by the sergeants or others.

In the first, Plaintiff describes a single "attempt" at intimidation that involved Sergeant Bujnak. (Doc. 143, ¶ 104). The officer approached him too closely and asked him too loudly whether there was a problem. (*Id.*). Plaintiff promptly confirmed that there was a problem earlier, and he proceeded to explain why. (*Id.*). Plaintiff describes no subsequent action taken by Sergeant Bujnak. (*Id.*).

In the other incident, Plaintiff describes secondhand information about a third party threat. He maintains that someone told him that Sergeant Moore threatened to punish Plaintiff for reporting inmate violence, by transferring him to another location of the Jail and making sure he felt suicidal if he was transferred to the Quiet Room, in particular. (*Id.*). Plaintiff does not indicate who relayed the sergeant's threat, and he makes no claim that the sergeant directly threatened him at any point in time. (*Id.*). Plaintiff was not transferred, and he was not subject to any of the acts described. (*Id.*). The incident apparently began and ended with this brief report from another person. (*Id.*).

These allegations suggest no objectively credible threat to harm or injure the Plaintiff.  *See Dobbey v. Illinois Dept. of Corr.*, 574 F.3d 443, 444 (7th Cir. 2009).  They describe no intentional or reckless conduct on the part of defendants or conduct that rises to the level of "punishment" under the *Kingsley* and *Miranda* standards.  Upon review, the Court now finds that Count VI fails to state a plausible—as opposed to a possible—claim for relief against either sergeant.  Accordingly, the Fourteenth Amendment claim shall be dismissed with prejudice against both individual defendants.

**B.**   **Retaliation Claim**

Plaintiff did not mention the First Amendment or retaliation in the Second Amended Complaint.  (Doc. 143).  The Court also did not allow the claim to proceed under the First Amendment at screening.  (Docs. 49-51, 142).  A review of the allegations does not prompt the Court to reach a different conclusion now.

To proceed with a retaliation claim under the First Amendment, the plaintiff must set forth allegations that: (1) he engaged in constitutionally protected speech; (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendant's actions.  *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012).  The allegations state no retaliation claim against either sergeant under this standard.

As for the first incident, Sergeant Bujnak approached Plaintiff and asked whether Plaintiff had a problem with him.  Plaintiff recalled a prior incident when Sergeant Bujnak commented on a lawsuit against the county. However, Plaintiff does not allege or even suggest that the prior encounter prompted the sergeant to stand too close to him, speak too loudly to him, or ask Plaintiff if he had a problem.  Moreover, Plaintiff suffered no deprivation likely to deter protected speech. He immediately confronted the sergeant and later complained about him to high-ranking officials.

With regard to the second incident, Sergeant Moore allegedly threatened to transfer Plaintiff to a different area of the Jail, for complaining about inmate violence.  The threat was relayed by someone else.  Plaintiff does not state that he actually engaged in protected speech by complaining about inmate violence.  He only asserts that the sergeant's perception motivated the threat of retaliation—all relayed to him by someone else.  There is no indication that the threat deterred him from engaging in protected speech.  The allegations are too thin and tenuous to support a retaliation claim against Sergeant Moore.  The First Amendment claim shall be dismissed with prejudice against both sergeants.

C.      **Claims Against High-Ranking Officials**

The related claims against Major Grime and Sergeant Collins also fail.  Plaintiff relies on a theory of *respondeat superior* liability to bring claims against both of the defendants.  Section 1983 provides no cause of action against an individual based on his or her supervisory role over another person.  *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).  Supervisors are responsible for their own actions and not the actions of their subordinates.  *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018).  A defendant will only be liable under Section 1983 if the conduct causing the deprivation occurred "at his discretion or with his knowledge and consent." *Gentry*, 65 F.3d at 561.  Put differently, the defendant "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Hildebrandt v. Illinois Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Gentry*, 65 F.3d at 561).

Plaintiff alleges that he complained about the attempted intimidation and the indirect threat to both high-ranking officers, but they did not respond to his complaints.  Major Grime and Captain Collins were not present during either incident, and they did not participate in the underlying conduct.  By all indications, they were not even aware of it until after the incidents occurred and

9

were done.  Plaintiff's theory of liability against the high-ranking officers hinges entirely on their supervisory role over the sergeants.  The doctrine of *respondeat superior* provides no basis for Section 1983 liability against Major Grime or Captain Collins.

Alternatively, Plaintiff challenges their denial or disregard of his complaints.  Denying a grievance or failing to investigate a grievance after the fact does not, itself, amount to a constitutional violation.  *McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.  A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").  Accordingly, Count VI shall be dismissed with prejudice against both high-ranking officials.

**DISPOSITION**

**IT IS ORDERED** that, for the reasons set forth above, Defendants Tammy Grimes, Shan Collins, Michael Bujnak, and Delancey Moore's Motion to Dismiss Count VI of Plaintiff's Second Amended Complaint for Failure to State a Claim (Doc. 154) is **GRANTED**.  Count VI is dismissed with prejudice.

The Clerk's Office is **DIRECTED** to enter Judgment in favor of Defendants Tammy Grimes, Shan Collins, Michael Bujnak, and Delancey Moore and against Plaintiff on Count VI at the close of this case.

**IT IS SO ORDERED**.

**DATED: 3/29/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
