IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CAMERON BELK, SR., #468008,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00499-JPG |
| | ) | |
| **RICHARD WATSON, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on a Motion to Intervene filed by Shawn LaFollette, Roderick Whittaker, Hannibal Hagan, Demetrius Blue, Jason Quate, Norman Tammons, Christopher McNeal, Jestine Myers, Samuel Manzy, and Brandon Thrower (Doc. 256) and a related Motion to Include Evidence (Doc. 260). The proposed intervenors complain of unconstitutional conditions of confinement and the unavailability of a grievance process at St. Clair County Jail. (*Id*. at 1-21). They seek permission to join in this action primarily to offer evidence and testimony on behalf of Plaintiff Cameron Belk, Jr. in opposition to Defendants' motions for summary judgment on the issue of exhaustion of administrative remedies. (*Id*.). For the reasons outlined herein, their motions shall be **DENIED**.

Federal Rule of Civil Procedure 24 provides for intervention as a matter of right and for permissive intervention. *See* FED. R. CIV. P. 24(a)(1)-(2). To intervene in this action as a matter of right, an applicant must meet all of the following four requirements: (1) the application must be filed in a timely manner; (2) the applicant must have a direct and substantial interest in the subject matter of the litigation; (3) disposition of the action must threaten to impair the applicant's interest; and (4) the named party must inadequately represent the applicant's interest. FED. R. CIV. P. 24(a);

1

*Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985) (citation omitted).  The "applicant bears the burden of proving that each of these elements has been satisfied." *Hoffman v. Coleman*, 2017 WL 536302, at *1 (N.D. Ind. 2017) (quoting *Builders v. Ass'n of Great Chi. v. City of Chi.*, 170 F.R.D. 435, 440 (N.D. Ill. 1996) (citing *Am. Nat'l Bank & Tr. Co. v. City of Chi.*, 865 F.2d 144, 146 (7th Cir. 1989)).

Permissive intervention is authorized under Rule 24(b) "upon timely application, when an applicant's claim or defense and the main action have a question of law or fact in common." *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 946 (7th Cir. 2000) (internal quotation marks omitted).  In addition, the applicant must establish an independent basis for subject matter jurisdiction.  *Pension Benefit Guar. Corp. v. Slater Steels Corp.*, 220 F.R.D. 339, 341 (N.D. Ind. 2004) (citing *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995)). Permissive intervention is entirely discretionary, so a district court's decision on this issue will be reversed only for abuse of discretion.  *Sokaogon Chippewa Cmty.*, 214 F.3d at 949 (citation omitted).

The proposed intervenors do not indicate whether they are seeking intervention as a matter of right under Rule 24(a) or permissive intervention under Rule 24(b).  They do not address any of the requirements for intervention of either kind.  The Court finds that they have satisfied none of the requirements for intervention as a matter of right or for permissive intervention.

To begin with, their motion is untimely.  The application was filed in April 2021, almost two years after this case was opened in May 2019.  (*See* Docs. 1 and 256).  It was submitted nearly a year after the deadline for amending the pleadings expired in May 2020.  (*See* Doc. 124). Moreover, they do not appear to be pursuing any of the claims that are still at issue herein.  The only two claims remaining in this action pertain to Plaintiff Belk's medical treatment for stroke-

related issues.  The proposed intervenors have no direct or substantial interest in the subject matter of this action.  Instead, they have improperly sought intervention in order to offer testimony at a *Pavey* hearing that already occurred.  They also wish to offer evidence in opposition to Defendants' motions for summary judgment on the issue of exhaustion that have now been decided.  Their interests are not sufficiently similar to Plaintiff Belk's interests and do not justify late intervention in this action.  Moreover, disposition of the underlying action does not threaten to impair their interests, which appear entirely unrelated to Plaintiff's Belk's interest in obtaining medical treatment.  For all of these reasons, the Motion to Intervene shall be denied, and the related Motion to Include Evidence shall be dismissed as moot.

## Disposition

Because the proposed intervenors have failed to satisfy any of the requirements necessary to support their motion to intervene in this action, the Motion to Intervene (Doc. 256) is **DENIED** and the related Motion to Include Evidence (Doc. 260) is **DISMISSED** as **MOOT**.

**IT IS SO ORDERED.**
**DATED:  6/4/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
