UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAMERON BELK SR., <br><br> Plaintiff, <br><br> v. <br><br> RICHARD WATSON, TAMMY GRIME, SHAN COLLINS, WEXFORD HEALTH CARE SOURCES, INC., DENNIS P. LARSON, ARAMARK/ ARAMARK CORRECTIONAL SERVICES LLC, MARY ROBINSON-DAVIS, JANICE MCCARREN, DELANCEY MOORE, MICHAEL BUJNAK, MELODY MURRY, RHONDA DUBOSE, and DEBORAH HALE, <br><br> Defendants. | Case No. 19-cv-499-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of defendant Dr. Dennis P. Larson to stay execution of the judgment and payment of fees and costs pending post-trial motions and appeal pursuant to Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a)(1)(A) (Doc. 339). Plaintiff Cameron Belk Sr. has responded to the motion (Doc. 345). As explained herein, the motion to stay shall be granted temporarily until further order of the Court.

**I.     Background**

On October 4, 2023, a jury returned a verdict against Dr. Larson in the amount of $32,000 in compensatory damages (Doc. 328). Judgment was entered on October 5, 2023 (Doc. 335). Belk filed a bill of costs (Doc. 336) and a motion for attorney's fees (Doc. 337) on October 13, 2023. Dr. Larson had objected to the bill of costs (Doc. 346), and a response to the fees motion is forthcoming. The bill of costs and fee motion remain pending.

## II.    Dr. Larson's Motion to Stay (Doc. 339)

Dr. Larson filed the instant motion on October 19, 2023.  In it, he asks the Court to stay execution of judgment and payment of fees and costs pending resolution of his forthcoming post-judgment motions and final appellate resolution *without* requiring security (Doc. 339).  Dr. Larson points out that neither Rule 62(d) nor Appellate Rule 8(a) actually requires a party to file a bond or other form of security when seeking a stay of execution of judgment pending appeal; the district court may exercise its discretion when making this decision.  *Lightfoot v. Walker*, 797 F.2d 505, 506 (7th Cir. 1986).  And, if it is satisfied that the expenditure necessary to acquire a bond is not necessary to protect the plaintiff, the district court need not require a bond or other form of security.  *See  N. Ind. Public Serv. Co.*, 799 F.2d 265, 281 (7th Cir. 1986) (waiving requirement of bond pending appeal where the appellant was a solvent public utility with a net worth in excess of the judgment).  Dr. Larson is confident that the post-judgment motions he anticipates filing will alter the judgment in this case.

In response, Belk notes that Dr. Larson has not provided any information to the Court to show that he would be able to pay the $32,000 judgment rendered against him plus the attorney's fees and costs that the Court may award.  Belk points out that the normal course is to require a bond before staying execution of judgment pending appeal and encourages the Court to follow that accepted course.

## III.    Discussion

A stay of proceedings to enforce a judgment is governed by Federal Rule of Civil Procedure 62.  Rule 62(b) provides, in pertinent part:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security.  The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

A stay of execution of a money judgment is routinely granted once the Court is confident that the security given is sufficient to "compensate[] the judgment creditor for the delay in execution and protect[] against the risk of the judgment being uncollectible after the completion of the appeal." 12 Moore's Federal Practice—Civil § 62.03[3][a] (2022).

However, the Court may waive the need for security for a stay. *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (citing *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986) (noting that "an inflexible requirement of a bond would be inappropriate . . . where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money")). Whether to waive security depends on a number of factors including the degree of confidence the Court has in the defendant's ability to pay the judgment. *Dillon v. Chi.*, 866 F.2d 902, 905 (7th Cir. 1988).

Here, the Court finds that a bond or other form of security is necessary to assure compensation to Belk for the delay in execution of the judgment and to protect him against the risk of the judgment being uncollectible. By the deadlines set forth below, the parties shall file short briefs outlining the terms of a bond or other security necessary to protect the plaintiff's interests pending a decision on the post-judgment motions and any ensuing appeal.

**IV.   Conclusion**

For the foregoing reasons, the Court

- **GRANTS** Dr. Larson's Motion to Stay Execution of Judgment temporarily pending further order of the Court (Doc. 339);

- **STAYS** execution of the judgment until further order of the Court. Briefing on the attorney's fees and costs shall continue; and

- **ORDERS** Dr. Larson to file on or before a short brief outlining the appropriate terms for bond or other security on or before **November 15, 2023**. Belk shall file a response on or before **November 30, 2023**. The Court will then enter an order setting the appropriate

3

amount and/or terms of the bond or other security necessary to protect the plaintiff's interest during the post-judgment proceedings and appeal.

.
**IT IS SO ORDERED.**
**DATED:  October 31, 2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
