UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAMERON BELK SR., <br><br> Plaintiff, <br><br> v. <br><br> RICHARD WATSON, TAMMY GRIME, SHAN COLLINS, WEXFORD HEALTH CARE SOURCES, INC., DENNIS P. LARSON, ARAMARK/ ARAMARK CORRECTIONAL SERVICES LLC, MARY ROBINSON-DAVIS, JANICE MCCARREN, DELANCEY MOORE, MICHAEL BUJNAK, MELODY MURRY, RHONDA DUBOSE, and DEBORAH HALE, <br><br> Defendants. | Case No. 19-cv-499-JPG |

## **MEMORANDUM AND ORDER**

On October 4, 2023, a jury returned a verdict against defendant Dr. Dennis P. Larson in the amount of $32,000 in compensatory damages (Doc. 328).  Judgment was entered on October 5, 2023 (Doc. 335).  Subsequently, Belk filed a request for attorney's fees (Doc. 337) and a bill of costs (Doc. 336).  Dr. Larson asks the Court to stay execution of the judgment and payment of fees and costs pending post-trial motions and an appeal, pursuant to Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a)(1)(A) (Doc. 339).  Belk responded (Doc. 345).  The Court then announced it would require some security before staying execution, and it sought input from the parties as to what that security should be (Doc. 347).  In the meantime, it entered a temporary stay of execution.

In response, Dr. Larson offers proof of liability insurance in the amount of $3 million, far more than the judgment and any potential fee award (Doc. 355).  Belk responds that an insurance policy is not an adequate substitute for a supersedeas bond because there is always the danger

that the insurer would deny coverage, spawning expensive and time-consuming litigation (Doc. 358). Belk counters that a bond in the amount of $100,000 is appropriate in light of the interests to be protected.

As the Court has previously noted, a stay of proceedings to enforce a judgment is governed by Federal Rule of Civil Procedure 62. Rule 62(b) provides, in pertinent part:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

A stay of execution of a money judgment is routinely granted once the Court is confident that the security given is sufficient to "compensate[] the judgment creditor for the delay in execution and protect[] against the risk of the judgment being uncollectible after the completion of the appeal." 12 Moore's Federal Practice—Civil § 62.03[3][a] (2022).

The Court notes that a supersedeas bond is routinely found to be an appropriate security for a stay of execution, likely because of its unique suitability to the context that is absent with an insurance policy. The Court further considers that, although Belk's counsel has submitted an attorney's fee request in excess of $250,000 for the monumental work he has done in this case, the fee award limits in 42 U.S.C. § 1997e(d) make recovery of that full amount extremely unlikely. The Court concludes that a bond in the amount of $50,000 will adequately compensate Belk for the collection delay and protect him from the risk of uncollectability of his judgment, attorney's fees, and costs.

Accordingly, the Court:

- **ORDERS** that Dr. Larson shall post a $50,000 supersedeas bond as soon as practicable, but in no event later than December 21, 2023;

- **DIRECTS** Dr. Larson to file a renewed motion to stay execution of the judgment when he posts the bond. Upon filing of the renewed motion, the Court will approve the

security and stay execution of the judgment until the appeal is dismissed or the Court of Appeals issues the mandate; and

- **ORDERS** that the temporary stay imposed on October 31, 2023, shall remain in place until December 22, 2023, to allow Dr. Larson sufficient time to post a supersedeas bond.

**IT IS SO ORDERED.**
**DATED:  December 8, 2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
